# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANTHONY STEPHEN HAINES-ARCHER, individually and as Administrator of the ESTATE OF RONALD HAINES, SR.
1826 Mohican Street, Philadelphia, PA 19138

## DEFENDANTS
UNITED STATES OF AMERICA D/B/A Corporal Michael J. Crescenz Department of Veterans Affairs Medical Center
3900 Woodland Avenue, Philadelphia, PA 19104-4551

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benjamin J. Simmons, Esq.
McELDREW PURTELL
1845 Walnut Street, 18th Floor, Philadelphia PA 19103 (215-545-8800)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [x] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1346(b), 2671–2680

Brief description of cause:
failure to administer prescribed seizure medication during hospital admission resulting to medical demise and death.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** amount in excess of mandatory arbitration limits

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Corporal Michael J. Crescenz Department of Veterans Affairs Medical Center 3900 Woodland Avenue, Philadelphia, PA 19104-4551

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury (*Please specify*): medical malpractice
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY STEPHEN HAINES-ARCHER,** individually and as Administrator of the **ESTATE OF RONALD HAINES,** 1826 Mohican Street Philadelphia, PA 19138<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA D/B/A Corporal Michael J. Crescenz Department of Veterans Affairs Medical Center** 3900 Woodland Avenue Philadelphia, PA 19104-4551<br><br>**Defendant.** | **Civil Action No.:** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Anthony Stephen Haines-Archer individually and as Administrator of the Estate of Ronald Haines ("Plaintiff"), by and through undersigned counsel, brings this action against the United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, and alleges as follows:

**I.      JURISDICTION AND VENUE**

1.      This action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680.

2.      The negligent acts and omissions complained of herein were committed by employees and agents of the Corporal Michael J. Crescenz Department of Veterans Affairs Medical Center, a federal healthcare facility owned and operated by the United States Department of Veterans Affairs.

3. Pursuant to 28 U.S.C. § 1346(b)(1), this Honorable Court has exclusive jurisdiction over civil actions against the United States for personal injury or death caused by the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

4. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1402(b), because the events giving rise to this claim occurred at the Corporal Michael J. Crescenz Department of Veterans Affairs Medical Center (hereinafter "VA Medical Center"), located at 3900 Woodland Avenue Philadelphia, PA 19104-4551, which is within this District.

## II.   PARTIES

5. Plaintiff, Anthony Stephen Haines-Archer, is the adult son of decedent Ronald Haines, and is the duly appointed Administrator of the Estate of Ronald Haines, pursuant to Letters of Administration issued by the Register of Wills of Delaware County, Pennsylvania, on September 16, 2025.

6. Plaintiff Anthony Stephen Haines-Archer, Administrator of the Estate of Ronald Haines, is a citizen and resident of the Commonwealth of Pennsylvania residing at 1826 Mohican Street Philadelphia, PA 19138.

7. Plaintiff brings this action individually as the sole wrongful death beneficiary under 42 Pa. C.S. §§ 8301–8302, and in his representative capacity on behalf of the Estate under Pennsylvania's Survival Act, 42 Pa. C.S. § 8302.

8. Defendant, United States of America d/b/a Corporal Michael J. Crescenz Department of Veterans Affairs Medical Center, the proper Defendant under the FTCA.

9. At all times material to Plaintiff's' cause of action, Defendant, by and through its actual, apparent and/or ostensible agents, servants, partners and/or employees, was engaged in providing medical care and/or services to patients, including Plaintiff's Decedent, Ronald Haines, in particular. The claims asserted against Defendant are for the collective and/or individual

2

professional negligence of its actual, apparent and/or ostensible agents, servants, partners and/or employees who participated in the care, treatment, management and/or clinical decision making for Plaintiff's Decedent Ronald Haines during his time in the service of their facility from September 17, 2024, until his untimely and premature death on September 29, 2024, as more particularly described herein below.

10. At all times material to Plaintiff's cause of action, Defendant engaged as its actual, apparent and/or ostensible agents, servants and employees various healthcare providers, physicians, residents, fellows, interns, physician assistants, physician extenders, nurse practitioners, emergency medical personnel and other ancillary staff who provided, participated in and/or were responsible for the medical care, management, treatment and clinical decision making for Plaintiff's Decedent Ronald Haines on or after September 17, 2024, who at all times were acting within the course and scope of their agency and/or employment with said Defendant and under its exclusive control.

11. Defendant is vicariously liable to Plaintiff for injuries and losses sustained as a result of the negligent acts and omissions of persons or entities whose conduct was under their supervision, control and/or right of control, and which conduct increased the risk of and, in fact, did cause Plaintiff's Decedent, Ronald Haines's catastrophic injuries, suffering, and death as more fully described herein.

## III. ADMINISTRATIVE EXHAUSTION

12. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

13. On February 24, 2025, Plaintiff timely filed an administrative claim (Standard Form 95) with the Department of Veterans Affairs pursuant to 28 U.S.C. § 2675(a).

14. On March 19, 2025, the U.S. Department of Veterans Affairs Office of General Counsel issued a written acknowledgment of the claim. More than six months have passed without a final disposition or denial.

15. Plaintiff has therefore exhausted all administrative remedies as required by the FTCA.

IV. **FACTUAL ALLEGATIONS**

16. All averments contained in the foregoing paragraphs are incorporated into the following as though set forth therein fully and at length.

17. At all times relevant, Ronald Haines was a 66-year-old man with a history of generalized seizures.

18. On July 30, 2024, Mr. Haines presented to the emergency department ("ED") at the Corporal Michael J. Crescenz Department of Veterans Affairs Medical Center ("VA Medical Center") after suffering continuous seizures.

19. Mr. Haines was diagnosed with epilepsia partialis continua and was admitted.

20. Mr. Haines remained at the VA Medical Center until his discharge on August 29, 2024.

21. During his admission, Mr. Haines's seizures were treated with several different anti-seizure medications.

22. Doctors were eventually able to stabilize Mr. Haines with a multi-drug anti-seizure regimen that included clobazam, depakote (divalproex), lacosamide, and Keppra (levetiracetam).

23. When Mr. Haines was discharged on August 29, 2024, he was given prescriptions for clobazam, Depakote, lacosamide, and Keppra – all of which were to be taken daily; with lacosamide and Keppra to be taken twice a day.

4

24. Mr. Haines was discharged to a skilled nursing facility where he remained until September 17, 2024.

25. While at the skilled nursing facility, Mr. Haines took his multi-drug anti-seizure regimen as prescribed and without issue.

26. On September 17, 2024, Mr. Haines presented back to the ED at the VA Medical Center due to abnormalities in his laboratory tests.

27. While in the ED, three (3) of the four (4) seizure medications Mr. Haines had been prescribed were inexplicably and erroneously stopped and placed on hold by the ED providers.

28. As a result, Mr. Haines did not receive his clobazam, Depakote, and lacosamide; which meant, the last time Mr. Haines received his complete multi-drug anti-seizure regimen was on September 16, 2024, while at the skilled nursing facility.

29. On September 18, 2024, at approximately 12:17 pm, Mr. Haines underwent a neurology consultation, at which time, neurologist, Dr. Ranghanna Kishore-Kumar, recommended to "restore [Mr. Haines's] anti-seizure regimen including Depakote ER 2500mg daily, lacosamide 50mg twice daily, & clobazam 5 mg QHS."

30. Upon information and belief, this recommendation was not even reviewed by Mr. Haines's medical team.

31. On September 19, 2024, at approximately 2:22 pm, 26 hours after Mr. Haines received his neurology consultation, Mr. Haines was evaluated by Dr. Eric Bressman who noted that Mr. Haines was only given Keppra, and that it "seems [Mr. Haines] was on other meds as well as outpatient" but that Dr. Bressman wanted to clarify this with "neuro."

32. On September 20, 2024, at approximately 12:39 pm, the rapid response team (RRT) was called to Mr. Haines's bedside, after he was found unresponsive with an oxygen level of 53% despite being 6L of oxygen.

5

33. It was noted that Mr. Haines had "lateral eye deviation to the right, no eye tracking and non-responsive to sternal rub. Therefore, there was a high concern for seizure."

34. Chief Neurologist, Dr. Allison Willis, also reported to Mr. Haines's bedside with the RRT.

35. After some time, the RRT was able to intubate and stabilize Mr. Haines enough to transfer him to the medical intensive care unit.

36. Dr. Willis noted that "there is high clinical suspicion that [Mr. Haines] had a witness seizure."

37. Mr. Haines was diagnosed with acute hypoxemic respiratory failure in setting of seizure.

38. Dr. Willis recommended that Mr. Haines be transferred to the Hospital of the University of Pennsylvania (HUP) to receive continuous long-term seizure monitoring and further seizure evaluation and management.

39. Mr. Haines, unresponsive, was transferred to HUP on September 21, 2024, for "focal epilepsy with seizure and concern for status epilepticus" and "acute hypoxemic respiratory failure in setting of seizure" and to undergo continuous EEG monitoring for seizures.

40. On September 23, 2024, after not experiencing any further seizures, but still unresponsive, Mr. Haines was extubated (but still on oxygen) and transferred back to the VA Medical Center.

41. Once back at the VA Medical Center, it was noted that Mr. Haines could not be properly screened at admission due to him being medically and cognitively unstable and having no purposeful movement.

42. Given his comatose state and his poor prognosis, and after discussions with VA Medical Center's doctors, a family meeting was held, and the decision was made to remove Mr. Haines from life support.

43. Then on September 29, 2024, tragically, Mr. Haines passed away.

44. Mr. Haines's comatose state and tragic death was a direct result of the seizure he suffered on September 20th.

45. This seizure, as noted in Mr. Haines's VA Medical Center records, resulted after "missed doses of seizures meds."

46. VA Medical Center Chief of Staff, Dr. John Kelly, met with Plaintiff and explained the medication error that occurred.

47. As Dr. Kelly noted, "We explained in detail what we understood as the error and what steps we were taking to reduce the likelihood of this type of error occurring to other patients" and that "it was important that [Plaintiff] know the error, omission of three antileptic drugs for 1.5 days after [Mr. Haines's] last dosing at the nursing home."

48. Mr. Haines's death was a direct result of Defendant's medication error.

49. Defendant negligently and recklessly failed to give Mr. Haines his prescribed anti-seizure medications which resulted in Mr. Haines suffering a catastrophic seizure which left Mr. Haines in a comatose state.

50. Defendant's negligence and recklessness, the failure to give Mr. Haines's his anti-seizure medications, was the direct cause of Mr. Haines's pain and suffering and tragic death.

51. Defendant's negligence and recklessness, the failure to give Mr. Haines's his anti-seizure medications, constituted a substantial contributing factor of Mr. Haines's death.

52. Defendant's negligence and recklessness, the failure to give Mr. Haines's his anti-seizure medications, increased Mr. Haines's risk of harm, injury, suffering and morbidity.

## V.    CLAIMS FOR RELIEF

### WRONGFUL DEATH ACTION

53.    All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

54.    Plaintiff, Anthony Stephen Haines-Archer, hereby brings Wrongful Death claims pursuant to 42 Pa.C.S. §8301 (the Pennsylvania Wrongful Death Statute) and Pa.R.C.P. 2202(a) as Administrator of the Estate of Ronald Haines, deceased, on his own behalf and on behalf of all those persons entitled by law to recover damages as a result of the wrongful death of Plaintiff's Decedent Ronald Haines

55.    The names and addresses of all persons legally entitled to recover because of the wrongful death of Plaintiff's Decedent Ronald Haines are:

1. Anthony Stephen Haines-Archer, 1826 Mohican Street Philadelphia, PA 19138 (Adult Son)

56.    At no time during his life did Ronald Haines - or anyone on his behalf - bring an action to recover for personal injuries and/or no other action has been brought to recover for his death under the aforementioned statutes.

57.    Plaintiff claims all available damages under the Pennsylvania Wrongful Death Statute for financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contribution that Ronald Haines, would have rendered to the wrongful death beneficiaries but for his traumatic, untimely and unnatural death occurring as a result of the medical treatment which is subject to the present litigation.

58.    Plaintiff claims damages for payment for all medical bills and/or expenses.

59.    Plaintiff claims damages for payment of funeral and burial expenses.

**SURVIVAL ACTION**

60. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

61. Plaintiff Anthony Stephen Haines-Archer also brings a Survival Action under the Pennsylvania Survival Statute, 42 Pa.C.S. § 8302, and pursuant to Pa.C.S. § 3373, for all damages recoverable under the Statute, including but not limited to, loss of income both past and future income potential, as well as, pain and suffering prior to death, and for emotional distress suffered by Plaintiff's Decedent, Ronald Haines from the time of first impact and/or injury to the final impact that ultimately caused his premature death on September 29, 2024.

**COUNT I — NEGLIGENCE (FTCA)**
**PLAINTIFF ANTHONY STEPHEN HAINES-ARCHER v. DEFENDANT UNITED STATES OF AMERICA**

62. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

63. The negligent acts and/or omissions of Defendant, its actual, apparent and/or ostensible agents, servants, partners and/or employees who participated in the care, treatment, management and/or clinical decision making for Ronald Haines consisted of one or more of the following:

   a. failing to administer Mr. Haines's anti-seizure medication as prescribed;

   b. placing a hold on Mr. Haines's anti-seizure medication without medical justification;

   c. failing to restart Mr. Haines's seizure medication as recommended by neurologist, Dr. Ranghanna Kishore-Kumar, on September 19, 2024;

   d. failing to properly examine Mr. Haines for epilepsy;

   e. failing to properly assess Mr. Haines for epilepsy;

   f. failing to properly monitor Mr. Haines despite his medical history of seizures;

g. failing to timely recognize that Mr. Haines was having a seizure on September 20, 2024;

h. failing to take proper steps to prevent Mr. Haines from suffering from a seizure;

i. failing to perform the appropriate diagnostic testing to determine if Mr. Haines had suffered a seizure;

j. failing to recommend an appropriate course of treatment to address Mr. Haines's epilepsy;

k. failing to discuss Mr. Haines's medications, specifically, the anti-seizures medications, with Mr. Haine's other treating physicians;

l. failing to maintain and implement reasonable medication-management procedures, including procedures governing reconciliation, continuation, and reinstatement of prescribed anti-seizure medications;

m. failing to maintain reasonable communication systems between the emergency department, the admitting service, Neurology, pharmacy, and nursing staff to ensure that Mr. Haines's known and documented anti-seizure medication regimen was continued without interruption;

n. failing to maintain appropriate procedures for verifying medication holds, documenting clinical justification for medication discontinuation, and preventing unwarranted omissions of critical medications;

o. failing to ensure adequate monitoring of Mr. Haines's seizure risk despite his known diagnosis of refractory epilepsy and documented dependence on a multi-drug anti-seizure regimen;

p. failing to maintain reasonable safeguards to prevent interruptions in essential neurological medications during transitions of care, including transitions from the emergency department to inpatient services and between clinical teams;

q. failing to provide sufficient staffing, supervision, and clinical oversight to assure that high-risk neurological patients received proper medication management and continuity of care comparable to that provided by a reasonably prudent private hospital under like circumstances;

r. failing to create, implement, monitor and enforce sufficient and necessary policies, protocols and procedures to maintain communication between the defendant's clinicians;

s. failing to create, implement, monitor and enforce sufficient and necessary policies, protocols and procedures to obtain and review patients pre-existing medical records;

    t. failing to create, implement, monitor and enforce sufficient and necessary policies, protocols and procedures to prevent medication errors such as the one that occur in this case;

    u. failing to create, implement, monitor and enforce sufficient and necessary policies, protocols and procedures to ensure that patients received their mediation as prescribed; and

    v. Any/all additional violations of standard of care as identified through the completion of discovery.

65. At no time did Mr. Haines cause and/or contribute in any way to the medication error described herein nor his catastrophic injuries and tragic death.

66. As a direct and proximate result of the negligence and carelessness of Defendant, its actual, apparent and/or ostensible agents, servants, partners and/or employees who participated in the care, treatment, management and/or clinical decision making for Ronald Haines, individually and/or collectively, acting within the course and scope of their respective employment with Defendant Mr. Haines endured prolonged suffering and died on September 29, 2026.

67. As a direct and proximate result of the negligence and carelessness of Defendant, its actual, apparent and/or ostensible agents, servants, partners and/or employees who participated in the care, treatment, management and/or clinical decision making for Ronald Haines, individually and/or collectively, acting within the course and scope of their respective employment with Defendant, Mr. Haines  and her family were caused to suffer prolonged physical pain and/or mental anguish for the time leading up to, including and following Mr. Haines's death.

68. As a direct and proximate result of the negligence and carelessness of Defendant, its actual, apparent and/or ostensible agents, servants, partners and/or employees who participated in the care, treatment, management and/or clinical decision making for Ronald Haines, individually and/or collectively, acting within the course and scope of their respective employment with Defendant, Mr. Haines was caused to suffer, weakness, fatigue, pain, diminished quality of

life, great physical pain and agony, mental anguish, emotional pain and suffering, and premature death.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of mandatory arbitration limits, together with all costs, interest, compensatory and punitive damages, all damages deemed appropriate by the Court and all other relief which this Court deems just and appropriate.

## COUNT II – VICARIOUS LIABILITY
### PLAINTIFF ANTHONY STEPHEN HAINES-ARCHER v. DEFENDANT UNITED STATES OF AMERICA

64. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

65. At all times relevant, the physicians, nurses, pharmacists, and clinical staff who evaluated, treated, and monitored Ronald Haines at the VA were employees of the United States Department of Veterans Affairs acting within the course and scope of their federal employment.

66. These VA employees owed Mr. Haines a duty to provide care consistent with the accepted standards of medical practice, including the duty to continue prescribed anti-seizure medications, follow Neurology's recommendations, monitor seizure risk, and appropriately manage his complex medical condition.

67. The negligent acts and omissions described in this Complaint—including but not limited to the unjustified withholding of clobazam, lacosamide, and valproate and the failure to monitor and respond to seizure risk—were committed by VA employees in the scope of their employment.

68. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), the United States is vicariously liable for all such negligent acts and omissions to the same extent that a private employer would be liable for the negligence of its employees under like circumstances.

69. As a direct and proximate result of the negligence of these VA employees, for which the United States is responsible, Decedent suffered preventable seizure activity, respiratory failure, aspiration, cardiac arrest, pain, suffering, loss of life's pleasures, and ultimately death, resulting in damages recoverable under Pennsylvania law and the FTCA.

**WHEREFORE**, Plaintiff ANTHONY STEPHEN HAINES-ARCHER, individually and on behalf of the Estate of Ronald Haines, demands judgment against the Defendant in an amount in excess of One Hundred Fifty Thousand ($150,000) Dollars, plus interest, delay damages, costs of suit, as well as all damages legally appropriate at the time of jury trial.

## VI. DAMAGES

70. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

71. As a direct result of Defendant's negligence, Plaintiff and the Estate have suffered damages recoverable under Pennsylvania law and the FTCA.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, the United States of America, and award:

 i. Compensatory damages under the Wrongful Death Act;
 ii. Survival damages recoverable by the Estate;
 iii. Pre- and post-judgment interest as allowed by law; and
 iv. Such other relief as this Court deems just and proper.

## VIII. JURY TRIAL DEMAND

Plaintiff demands a bench trial, as jury trials are not available under the FTCA.

**WHEREFORE**, Plaintiff ANTHONY STEPHEN HAINES-ARCHER, individually and on behalf of the Estate of Ronald Haines, demands judgment against the Defendant in an amount

13

in excess of One Hundred Fifty Thousand ($150,000) Dollars, plus interest, delay damages, costs of suit, as well as all damages legally appropriate at the time of jury trial.

**McELDREW PURTELL**

Dated: March 6, 2026

By: _____
Benjamin J. Simmons, Esquire
Attorney ID#: 314855
Email: bsimmons@mceldrewpurtell.com
Marcus A. Washington, Esquire
Attorney ID#: 314083
Daniel N. Purtell, Esquire
Attorney ID#: 310376
1845 Walnut Street, 18th Floor
Philadelphia, PA 19103
Phone: (215) 545-8800
*Attorneys for Plaintiffs*

## **VERIFICATION**

I, Anthony Stephen Haines-Archer, verify that I am Plaintiff herein and that the facts set forth in this Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

By: _____
ANTHONY STEPHEN HAINES-ARCHER,
individually and as Administrator of the
ESTATE OF RONALD HAINES

Dated: 03/06/2026